No. 4138.

## JOSE P. MARTINEZ vs. REGISTER OF CONVEYANCES et al.

1. Parties in whose favor inscriptions exist in the conveyance books cannot be forced to appear as defendants to litigate their rights of ownership, in proceedings against the recorder of conveyances for the cancellation of such inscriptions.
2. They are entitled to regular process and trial.

Appeal from Civil District Court, Division "B."

Benj. Ory, for Plaintiff and Appellee.

Robert Legier & W. L. Gleasaon, for Defendant and Appellant.

DUFOUR, J. The relator claims the ownership of certain real estate by Auditor's deed under Act 80 of 1888; and alleges that the property was sold to Jacobs by the State under Act 82 of 1884.

He futher alleges that, as Jacobs assumed to pay the taxes of 1880 and subsequent years and failed to do so, he is without title; hence relator asks for a mandamus to compel the recorder of conveyances to cancel Jacob's title.

The proceeding was excepted to on the ground that the action involves the validity of a title, which should be tried in a direct action, after citation and service in the ordinary way, and that mandamus is not the proper remedy.

Relator relies on the case of Busha vs. Recorder, 113 La. 94.

That decision did not go beyond the declaration that an action by an owner to enforce a tender of redemption does not involve an issue of title, because the tender itself defeats the title, and hence a summary proceeding might be invoked to cancel what had become a mere incumbrance.

The instant suit appears to us to be within the doctrine in Raymond vs. Villere, 42 An. 488, in so far as it presents a conflict of right between different purchasers at tax sales.

The Court said:

"Parties in whose favor inscriptions exist on the conveyance

174

books of the parish cannot be forced to appear as defendants to litigate their rights of ownership or the like, in proceedings against the recorder for the cancellation of the same. They are entitled to regular process and trial."

The judgment is reversed, the exception to the form of proceeding is maintained and relator's demand is rejected at his cost in both Courts, without prejudice to enforce such rights as he may have, in proper proceedings.

Feby. 18th, 1907.

Rehearing refused March 25, 1907.

Writ refused by Supreme Court May 1, 1907.